IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASON JARRELL,

          Petitioner,

v.                                         CIVIL ACTION NO. 2:05-cv-00624
                                         (Criminal No. 2:03-cr-00189)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

On May 10, 2004, the petitioner was sentenced to a term of imprisonment of 121 months for his conviction of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On September 21, 2004, the United States filed a motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, moving the court to reduce the petitioner's sentence to reflect his substantial assistance. The court granted the motion and, on March 10, 2005, reduced the petitioner's sentence to 51 months.

At both the May 10, 2004 sentencing hearing and the March 10, 2005 re-sentencing hearing, the court found the petitioner's Total Offense Level to be 31 and his Criminal History Level to be II, resulting in a guideline custody range of 121 - 151 months.

Now pending is the petitioner's motion [Docket 72] under 28 U.S.C. § 2255 to modify sentence. As grounds for the motion, the petitioner asserts that, at time of the sentencing hearings,

his criminal history included one point for a June 1, 2001 conviction of simple possession of marijuana which said conviction had been dismissed but not expunged, and that since the time of his sentencing hearings, the charge has now been expunged.

Also before the court is the United States' response [Docket 76] agreeing that the petitioner should be resentenced based upon the expungement of the dismissed prior conviction.

This court has reviewed and considered the July 18, 2005 Order entered by the Honorable Paul Zakaib, Jr. expunging the petitioner's simple possession of marijuana conviction. Based upon the same, the court **FINDS** that, since the time of the March 10, 2005 re-sentencing hearing, the petitioner has been successful in his efforts to have the simple possession of marijuana conviction expunged, and further **FINDS** that the petitioner is entitled to collateral relief. Accordingly, the court **GRANTS** the petitioner's motion [Docket 72] under 28 U.S.C. § 2255 to modify sentence.

The petitioner's motion to set hearing and modify sentence [Docket 77] is **GRANTED**. The matter will be set for re-sentencing by separate order of this date.

The court **DIRECTS** the Clerk to send a certified copy of this Order to the petitioner and counsel of record, and to and any unrepresented party.

    ENTER:    October 27, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE